**Ralph B. SMITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 12973.

United States Court of Appeals Sixth Circuit.

April 10, 1957.

John J. Kane, Jr., Cleveland, Ohio, for appellant.

Sumner Canary, Cleveland, Ohio, Loren E. VanBrocklin, Youngstown, Ohio, and argued by George W. Morrison, Ravenna, Ohio, for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

■ Appellant was engaged in promoting a lottery between July 1952 and October 1953. He failed to purchase a gambling stamp as required by Title 26 U.S.C.A. § 3290. He was indicted by a grand jury, subsequently tried by the court without a jury, and convicted.

Appellant, before the district court, moved to dismiss the indictment on the ground that a prior jury acquittal in the Municipal Court of the City of Akron, Ohio, determined the facts with regard to the issues respecting the gambling in question, and was, therefore, res judicata. The prosecution in the Municipal Court was for a violation of a city ordinance, in which the city was plaintiff; the prosecution in the instant case was for a violation of the laws of the United States, in which the federal government was plaintiff. When the same act is an offense against both state and federal governments, its prosecution and punishment by the latter, after prosecution and punishment by the former, is not double jeopardy. United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314; nor, in the light of the foregoing, could such a prosecution by the city of the offense charged be res judicata in the federal government's prosecution in the instant case.

■ Appellant was sentenced to pay a fine of $1,000, $500 of which was suspended. He was further sentenced to be committed to the custody of the Attorney General for four months. The violation of the statute provides for a fine; the wilful violation of the statute provides for imprisonment. Appellant was not indicted for wilful violation of the statute. The sentence of imprisonment was, therefore, in excess of that provided by law.

The case is, accordingly, remanded to the District Court, in order that the sentence may be corrected by omitting the provision with regard to imprisonment.