UNITED STATES of America

v.

Harold WAPNICK et al., Defendants.

No. 60–Cr–63.

United States District Court
E. D. New York.

Oct. 17, 1961.

Joseph P. Hoey, U. S. Atty., E. D. New York, Brooklyn, N. Y., for the United States; John A. Occhiogrosso, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Herbert S. Siegal, New York City, for defendant Harold Wapnick.

BARTELS, District Judge.

Motion by defendant Harold Wapnick to dismiss the indictment herein, which indictment alleges substantive violations of the Dyer Act (18 U.S.C.A. § 2312) and conspiracy to violate the same (18 U.S. C.A. § 371). The moving affidavit alleges that defendant Wapnick was tried by the State of New York and acquitted in the County Court, Bronx County, on charges covering the same automobiles involved in the instant indictment. He states that "this motion to set aside the indictment and/or to dismiss the indictment is predicated on the theory of double jeopardy, res judicata, collateral estoppel".

There is no double jeopardy involved in prosecution by two different sovereigns for crimes against them, even though each prosecution is predicated upon the same acts, because there is no identity of offenses. The same act may be a crime against both the national and state sovereigns, and hence punishable by each. United States v. Lanza, 1922, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314; Abbate v. United States, 1959, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729, and cases therein at 359 U.S. 192–194, 79 S.Ct. 669, 670.

A distinction must, however, be made between a plea of former jeopardy and the principle of *res judicata*. "Former jeopardy" involves identity of offenses, while "collateral estoppel" (an extension of *res judicata*), upon which this defendant bases his motion, is conclusive as to matters actually litigated

and determined by the judgment only if the judgment is between the same parties. Cosgrove v. United States, 9 Cir., 1955, 224 F.2d 146, 150. Here the United States Government was not a party to the prior action. As observed in Serio v. United States, 5 Cir., 1953, 203 F.2d 576, 578: " \* \* \* The United States was not a party to the state court prosecution, and is not bound by it. While the same facts can not be twice litigated by the same sovereign against the same defendant, that principle is inapplicable where, as here, the subsequent prosecution is by another sovereign who was not a party to the first. \* \* \* " Rios v. United States, 9 Cir., 1958, 256 F.2d 173; see Smith v. United States, 6 Cir., 1957, 243 F.2d 877, 878, and United States v. Lanza, supra.

The cases cited by defendant in his memorandum are inapplicable, since they deal with situations in which two actions or prosecutions were commenced by the same sovereign. Accordingly, the motion must be denied.

Settle order within five (5) days on two (2) days' notice.