**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sam GATES, Defendant-Appellant.**

**No. 73–1923.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 10, 1974.

Decided Feb. 8, 1974.

Jay A. Charon, Gary, Ind., for defendant-appellant.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., Andrew B. Baker, Jr., Asst. U. S. Atty., Hammond, Ind., for plaintiff-appellee.

Before SWYGERT, Chief Judge, KILEY, Senior Circuit Judge, and SPRECHER, Circuit Judge.

PER CURIAM.

Defendant-appellant, Sam Gates, was indicted and convicted for possession of a firearm, which was not registered, in violation of 26 U.S.C. § 5861(d).[1] He has appealed contending that the evidence was insufficient to sustain a conviction. We agree and reverse.

According to the evidence most favorable to the Government, the pertinent facts are as follows. On the evening of September 13, 1972 Officers Lewis DeLuna and Robert Nix of the Gary Police Department went to the Skyline Motel in response to a radio dispatch from headquarters in reference to a suspicious light-colored car. As the officers entered the parking lot of the Skyline Motel a light-colored car was departing and the officers proceeded to follow it for a short distance. After observing the oc-

---

1. Section 5861. Prohibited acts
   It shall be unlawful for any person—
   . . .

(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record;
. . .

cupants of the car look back at them the officers stopped the vehicle.

Melvin Jones, the driver of the car got out, walked to the rear, and met Officer DeLuna who questioned him about the vehicle registration and his driver's license.[2] At the same time Officer Nix walked over to the passenger side of the automobile. As he approached the vehicle Officer Nix testified that the passenger, Sam Gates, "appeared to be nervous and looked over his shoulder a couple of times and then again looked to the front towards the floor of the car. It looked like he was doing something with his hands, I can't tell what, because I was approaching from the rear." Officer Nix then requested that defendant step out of the vehicle. When the defendant left the vehicle Officer Nix saw a weapon laying on the floor of the vehicle and protruding from under the seat which defendant had been occupying. Defendant's indictment, conviction, and this appeal followed.

We must ascertain whether the evidence together with all reasonable inferences and viewed in a light most favorable to the Government was sufficient to prove that defendant was guilty beyond a reasonable doubt of violating 26 U.S.C. § 5861(d). In so doing, we are guided in our determination by United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). In his concurring opinion Mr. Justice Brennan enunciated the quantum of proof necessary to sustain a conviction under 26 U.S.C. § 5861(d):

"To convict appellees of possession of unregistered hand grenades, the Government must prove three material elements: (1) *that appellees possessed certain items*; (2) *that the items possessed were hand grenades*; and (3) *that the hand grenades were not registered*. The Government and the

Court agree that the prosecutor must prove knowing possession of the items and also knowledge that the items possessed were hand grenades. Thus while the Court does hold that no intent at all need be proved in regard to one element of the offense—the unregistered status of the grenades— *knowledge* must still be proved as to the other two elements. Consequently, the National Firearms Act does not create a crime of strict liability as to all its elements." (Emphasis supplied.)

Using this criterion we find, upon a review of the record, that the Government failed to prove by sufficient evidence that defendant was guilty beyond a reasonable doubt of violating 26 U.S.C. § 5861(d).

■ The record reveals that the only evidence submitted by the Government connecting defendant with the firearm was: he appeared nervous; he looked over his shoulder; he looked to the front after looking over his shoulder; and, he appeared to be doing something with his hands.[3] We think that the foregoing evidence was insufficient to sustain a conviction. There was no evidence to establish that defendant in any way exercised dominion or control over the firearm. Defendant was merely a passenger and nothing can be inferred from that that he had control over the firearm. Additionally, there was nothing to indicate that during the time defendant was a passenger he had any connection with the gun.[4] The only relationship between the defendant and the firearm was mere proximity which, standing alone, was insufficient to sustain a conviction.

To find guilt under the charge the Government was required to produce more proof than it offered. The thrust of the Government's evidence rested on

---

2. Melvin Jones was indicted with defendant, but was acquitted in a bench trial after electing to waive a jury trial.

3. The Government's brief makes reference to testimony that defendant "bent forward."

There is, however, no testimony to this effect in the transcript.

4. There were no fingerprints found on the gun.

suspicion and conjecture arising from defendant's proximity to the firearm. This was not enough.

The judgment of conviction is reversed with directions that the district court enter judgment of acquittal for defendant.