**UNITED STATES of America, Plaintiff,**

v.

**Joseph Ward EASTER, Defendant.**

**No. 75–277CR(3).**

United States District Court, E. D. Missouri, E. D.

Feb. 20, 1976.

Donald J. Stohr, U. S. Atty., Melvin R. Horne, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Frank E. Wallemann, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court for a determination, after a trial on the merits. The defendant was charged in a two-count indictment with violations of 26 U.S.C. §§ 5861(c), (d) and 5871. The defendant having waived his trial by jury on December 10, 1975, and a full trial on the merits having been held before the Court sitting as the finder of fact, the Court hereby makes the following findings of fact and conclusions of law.

*Findings of Fact*

1. The Court adopts, and attaches hereto, the joint stipulation of facts entered into by the United States and the defendant, Joseph Ward Easter.

2. Mr. Richard C. Bartram, a Sixth District Detective for the City of St. Louis Police, testified that he went to 4706 Lee, pursuant to a radio dispatch concerning an armed robbery on June 16, 1975.

3. Detective Bartram and other police officers identified themselves as police, waited five minutes and then kicked in the door at 4706 Lee.

4. The officers, upon entering the living room of 4706 Lee, saw a man in a green bathrobe, who was later determined to be the defendant's brother, Fred Easter.

5. Upon hearing a noise within a bedroom, Detective Bartram opened the door and observed the defendant, Joseph Ward Easter, on his knees holding a

sawed-off shotgun at the forepiece and around the trigger area.

6. Upon seeing Detective Bartram, the defendant Joseph Ward Easter fell forward and shoved the weapon underneath an adjacent bed.

7. The same sequence of events was also testified to in substantially the same form by Detective Richard Brogan, a Sixth District Detective for the City of St. Louis Police force, who was an assisting officer at the arrest of defendant Joseph Ward Easter.

8. The sawed-off shotgun mentioned in Detectives Bartram and Brogan's testimony was later recovered from under a bed adjacent to where defendant Joseph Ward Easter was arrested.

9. As Exhibit 3 of the Government discloses, the shotgun possessed by defendant Joseph Ward Easter was not registered pursuant to the National Firearm's Act, nor was defendant Joseph Ward Easter authorized by the Secretary of the Treasury to possess such a weapon.

10. There are initials carved into the butt of the sawed-off shotgun, which, while obscured, could very well be those of the defendant Joseph Ward Easter.

11. The Court sitting as the finder of fact comes to the conclusion that defendant Joseph Ward Easter was in knowing possession of Government Exhibit 5, an Iver Johnson 12 gauge, sawed-off shotgun on June 16, 1975.

### Conclusions of Law

■ It is the opinion of the Court that the Government in this weapons possession case has proved beyond a reasonable doubt that the defendant was in possession of a sawed-off shotgun upon the day described in the findings of facts above. The defendant has raised the defense that due to his recent injection of heroin on the day in which he was apprehended that he was not in knowing possession of the shotgun.

■ The attached stipulation of the parties indicates that the arresting officers had probable cause for their entrance into the house at 4706 Lee and the subsequent arrest of the defendant. *Nash v. United States,* 405 F.2d 1047 (8th Cir., 1969).

After consideration of the entire evidentiary record adduced at trial, and in light of the holdings of *United States v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1970), and *United States v. Gates,* 491 F.2d 720 (7th Cir., 1974), the Court finds that the defendant Joseph Ward Easter did have knowing possession of the sawed-off shotgun in question. Accordingly, the Court finds the defendant Joseph Ward Easter guilty beyond a reasonable doubt of the crimes charged in both counts of the indictment.