**UNITED STATES of America, Plaintiff,**

v.

**Robert WILSON, Jr., Defendant.**

**Crim. A. No. 3:84–00173.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 10, 1985.

Ross Alderman, Asst. U.S. Atty., Nashville, Tenn., for plaintiff.

William B. Bruce, Bruch, Weathers & Dughman, Nashville, Tenn., for defendant.

MEMORANDUM OPINION, ORDER AND DIRECTION

NEESE, Senior District Judge, sitting by Designation and Assignment.

The defendant Mr. Robert Wilson, Jr. moved herein for an order of entry of a judgment of acquittal as to both counts of the indictment after the evidence of the prosecution was closed and again after his

own evidence was closed. Rule 29(a), F.R. Crim.P. The Court reserved decision on the motion at the close of all the evidence and submitted the case to the jury. Rule 29(b), F.R.Crim.P.

The jury found the defendant not guilty as charged in count 1 and guilty as charged in count 2 of the indictment. The Court now considers such guilty verdict especially in the light of *United States of America,* plaintiff-appellee, *v. Herbert Collins Beverly,* defendant-appellant, 750 F.2d 34 (6th Cir.1984).

The finding of the jury on count 2, *supra,* indicated its findings that Mr. Wilson, Jr., was a convicted felon, who possessed within this District on June 7, 1984 a certain firearm which had moved previously in interstate commerce. 18 U.S.C.App. § 1202(a)(1). Only " * * * '[i]f the evidence [wa]s such that a reasonable mind might fairly [have] f[ound] guilt beyond a reasonable doubt,' * * *'" was the defendant not entitled to an order of entry of a judgment of his acquittal. *Id.,* 750 F.2d at 36.

The salient evidence reflected:

The subject firearm was manufactured in Connecticut and was in Tennessee on June 7, 1984. Mr. Wilson, Jr. had been convicted January 15, 1980 of a felony in no. 79–30179, this District and Division.

The subject firearm was and is owned by Mr. Marvin J. Gooch, the son of the defendant's wife, he having acquired it "a year or more * * *" before June 7, 1984. Mr. Gooch resided at times with his mother and stepfather and at times at another address with his maternal grandmother, Mrs. Betsy Gooch.

Mrs. Gooch refused Mr. Gooch permission to keep the subject firearm upon her premises, and he then prevailed upon his mother to keep it for him. It was stored by her initially in a residence formerly occupied by her, her husband and two daughters, and was moved subsequently prior to June 7, 1984 to the 2-story townhouse-type apartment into which the Robert Wilsons moved.

Each of the 17-year-old daughters of Mr. and Mrs. Wilson, Jr. occupied a bedroom-bathroom suite in the latter residence, and the third bedroom on the second floor thereof was occupied jointly by Mr. and Mrs. Wilson, Jr. When Mr. Gooch was in residence with them, he slept-on a couch in the living-room of the dwelling.

Upon its removal, Mrs. Wilson stood the subject shotgun on end in a corner of the closet of the bedroom occupied jointly by her and her husband, and it was kept covered by a bedsheet. There it was found and seized on June 7, 1984 during the execution of a search-warrant for the premises by Mr. Charles D. Lowe, an agent of the bureau of alcohol, tobacco and firearms of the Treasury Department.

Both Mr. and Mrs. Wilson, Jr., upon inquiry, told Agent Lowe that they occupied such bedroom jointly and utilized such closet jointly and that the weapon discovered therein belonged to her son, Mr. Gooch. All the foregoing evidence was uncontroverted, and it is patent that the jury inferred therefrom *inter alia* that the defendant Mr. Wilson, Jr. was in "possession" of the firearm.

As summarized in the *Beverly* decision, *supra :*

[p]ossession may be either actual or constructive and it need not be exclusive but may be joint. * * * Actual possession exists when a tangible object is in the immediate possession or control of the party. Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others. * * * Both actual possession and constructive possession may be proved by direct or circumstantial evidence. It is not necessary that such evidence remove every reasonable hypothesis except that of guilt. * * *

*Id.,* 750 F.2d at 37.

No witness testified that the defendant Mr. Wilson, Jr. was ever at any time in the " * * * immediate possession or control

* * *" of the subject firearm. It is clear, however, that the jury inferred from the foregoing facts and circumstances that Mr. Wilson, Jr. " * * * knowingly had the power and the intention * * * [on June 7, 1984] * * * to exercise dominion and control over * * * " the subject firearm, " * * * either directly or through others. * * * " *Id.*

It is obvious that at all pertinent times Mr. Gooch, through his mother Mrs. Wilson, was in constructive possession of the subject firearm and that she was also constructively possessed of it. It is undisputed in the evidence and inferrable reasonably in addition that Mr. Wilson, Jr. shared jointly with his wife constructive possession of the apartment their family was occupying as well as of the bedroom and closet Mr. and Mrs. Wilson, Jr. occupied and utilized.

It follows that any constructive possession by Mr. Wilson, Jr. of the subject firearm was joint with either his wife Mrs. Wilson or his stepson Mr. Gooch. There was no circumstantial evidence at all to support an inference that the defendant Mr. Wilson, Jr. shared constructive possession of the subject firearm with Mr. Gooch.

The only circumstances claimed by the prosecution as supportive of an inference that the defendant Mr. Wilson, Jr. shared constructive possession of the subject firearm with his wife Mrs. Wilson were their joint occupancy for sleeping purposes and otherwise of their common bedroom and their joint utilization of its contiguous closet. In this regard, " * * * possession of [a] residence is insufficient to establish possession of all the contents of the house * * *." *United States v. Craven,* 478 F.2d 1329, 1333–1334[7] (6th Cir.1973), *cert. den.,* 414 U.S. 866, 94 S.Ct. 54, 38 L.Ed.2d 85 (1973), *reh. den.,* 414 U.S. 1086, 94 S.Ct. 606, 38 L.Ed.2d 491 (1973); *contra: United States v. Apker,* 705 F.2d 293, 309[17] (8th Cir.1983), *cert. den.,* 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984); *see* also and *cf.* as *contra: United States v. Alverson,* 666 F.2d 341, 345[2] (9th Cir.1982), and *United States v. Smith,* 591 F.2d 1105, 1107 (5th Cir.1978).

" * * * It is fundamental to our system of criminal law that guilt is individual. * *" *Delgrado v. United States,* 327 F.2d 641, 642 (9th Cir.1964). In the situation *sub judice,* that means that there must have been sufficient evidence to support the jury's finding that the defendant Mr. Wilson, Jr. shared constructive possession of the subject firearm with his wife; in other words, that he also had on June 7, 1984 " * * * knowingly the power and the intention to exercise dominion and control over * * * [the subject firearm], either directly or through others. * * * " *United States of America v. Herbert Collins Beverly, supra.*

The prosecution's theory presented to the jury seems to have been that the proximity of the defendant Mr. Wilson, Jr. to the subject firearm for " * * * a year or more * * * " in the closet he utilized jointly with his wife and his omission, when he discovered eventually the presence of the firearm, to cause its removal from his premises, permitted the jury to infer his constructive possession thereof jointly with his wife. But, " * * * mere proximity, standing alone, was insufficient to sustain a conviction * * *," *United States v. Daniels,* 527 F.2d 1147, 1151 (6th Cir.1975), citing (on this point) *United States v. Gates,* 491 F.2d 720 (7th Cir.1974); and 18 U.S.C.App. § 1202(a)(1), *supra,* cast no burden upon the defendant to do more than *not* possess a firearm after he became a felon, *Scarborough v. United States,* 431 U.S. 563, 577, 97 S.Ct. 1963, 1970, 52 L.Ed.2d 582 (1977) ("the essence of Congress' intent * * * [is the] * * * striking at the possession of weapons by people 'who have no business possessing [them].' 114 Cong.Rec. 13869 (1968).")

Thus, under the applicable law and the facts herein, a reasonable mind would not have inferred from the evidence adduced that the defendant Mr. Wilson, Jr. shared jointly with his wife the constructive possession of the subject firearm and have found consequently his guilt beyond a reasonable doubt. Therefore, the verdict of the jury on count 2 of the indictment herein

hereby is SET–ASIDE, and the clerk will enter a judgment of acquittal of the defendant Mr. Robert Wilson, Jr. on such count 2 and provide that he is released from custody herein. Rule 29(b), *supra.*