UNITED STATES of America, Plaintiff,

v.

**Ricky Lee EDWARDS, Defendant.**

**No. CR–1–87–046.**

United States District Court,
S.D. Ohio, W.D.

Aug. 5, 1987.

---

Kathleen M. Brinkman, Asst. U.S. Atty., Cincinnati, Ohio, for plaintiff.

Kenneth G. Hawley, Cincinnati, Ohio, for defendant.

## ORDER

HERMAN JACOB WEBER, District Judge.

This matter is before the Court upon defendant's Motion to Dismiss Indictment and Prosecution (doc. no. 8) and defendant's Motion to Suppress Evidence (doc. no. 12). An evidentiary hearing was held August 3, 1987 for the purpose of hearing any additional evidence with respect to these motions.

The defendant was indicted for knowingly possessing a firearm in and affecting commerce in violation of 18 U.S.C. § 922(g) after having been convicted three times for violent felonies within the definition contained in 18 U.S.C. § 924(e)(2).

On March 9, 1987, the defendant pled guilty to violating Ohio Rev.Code § 2923.13 which provides, in relevant portions of subsection (A)(2) that "no person shall knowingly acquire, have, carry or use firearm or dangerous ordinance, if ... [s]uch person is under indictment for or has been convicted of any felony of violence...." Defendant argues that 18 U.S.C. § 922(g) is merely the federal counterpart to the state charge of having a weapon while under disability for which the defendant has already been arrested, charged, convicted and sentenced by the Hamilton County Court of Common Pleas. The defendant specifically refers to the part of 18 U.S.C. § 922(g) which provides in part: "It shall be unlawful for any person (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... *possess in or affecting commerce,* any firearm or ammunition;".

In support of this contention, defendant cites *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970) in which the United States Supreme Court declared that double jeopardy exists where an offender is first prosecuted for violation of a city ordinance and then charged with a violation of state law based on the same acts that were involved in the violation of the ordinance. The situation here, however, is not analogous to that in *Waller* in

that the defendant is being prosecuted twice by different sovereigns. Under the dual sovereignty doctrine, an act which violates both state and federal law may be prosecuted by both sovereigns. The Fifth Amendment's Double Jeopardy Clause does not prohibit a prosecution or conviction for a federal crime after conviction for the identical state crime. *Abbate v. United States,* 359 U.S. 187, 194, 79 S.Ct. 666, 670, 3 L.Ed.2d 729 (1959); *United States v. Lanza,* 260 U.S. 377, 381, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922) and cases cited therein. *See United States v. Strong,* 778 F.2d 1393, 1396 (9th Cir.1985) wherein, in *dicta,* *Abbate* was applied to successive firearms prosecutions. The Sixth Circuit has applied *Lanza* to successive gambling prosecutions. *Smith v. United States,* 243 F.2d 877, 878 (6th Cir.1957).

The Supreme Court, in *Heath v. Alabama,* 474 U.S. 82, 106 S.Ct. 433 (1985), discussed the dual sovereignty doctrine as it is found in this case. Quoting from *Moore v. Illinois,* 14 How. 13, 19, 14 L.Ed. 306 (1852), the *Heath* court explained:

> "[a]n offense, in its legal signification, means the transgression of a law." Consequently, when the same act transgresses the laws of two sovereigns, "it cannot be truly averred that the offender has been twice punished for the same offense; but only that by one act he has committed two offenses, for each of which he is justly punishable."

*Id.,* at 20.

When a defendant in a single act violates the "peace and dignity" of two sovereigns by breaking the laws of each, he has committed two distinct "offenses." *United States v. Lanza,* 260 U.S. 377, 382, 43 S.Ct. 141, 142–43, 67 L.Ed. 314 (1922). The crucial determination, then, is whether the two entities can be termed separate sovereigns drawing their authority to punish from distinct sources of power. The Supreme Court has uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own "inherent sovereignty," not from the Federal Government. 106 S.Ct. at 437.

Furthermore, as also discussed in *United States v. Woodward,* 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985), a defendant's claims of double jeopardy must be denied when the statutes involved are directed to separate evils. The language of the statute belies such an argument. Where the Ohio statute punishes a person who "has been convicted of any felony of violence," the federal statute under which this defendant was indicted requires proof that the defendant "possess in or affecting commerce any firearm or ammunition." This would also obviate a finding of no double jeopardy under *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), because the federal statute requires proof of a fact which the other does not.

The defendant's Motion to Dismiss Indictment and Prosecution based on a claim of double jeopardy must be DENIED.

In his Motion to Suppress Evidence, the defendant first moves this Court for an order suppressing the evidence seized from defendant on the ground that said searches and seizures were conducted without a warrant, without probable cause and not incident to a lawful arrest. Based on the evidence produced during the evidentiary hearings and arguments of counsel, the Motion to Suppress any physical evidence must be DENIED.

Defendant further moves this Court to suppress all statements made by or elicited from the defendant during the formal judicial proceedings at which he entered his guilty plea on the ground that said statements were obtained from the defendant without affording him the effective assistance of counsel.

Defendant bases this argument on the fact that he was not advised that he could be prosecuted under a federal statute for the offense to which he was pleading guilty before a common pleas judge.

■ The cases cited to this Court by the Government support the general rule that a guilty plea is admissible in a subsequent collateral criminal trial to prove an element of crime charged. *United States v. Riley,*

684 F.2d 542, 544–45 (8th Cir.1982); *United States v. Howze*, 668 F.2d 322, 323 (7th Cir.1982); *Howell v. United States*, 442 F.2d 265, 273 (7th Cir.1971), *cert. denied*, 459 U.S. 1111, 103 S.Ct. 742, 74 L.Ed.2d 962 (1983); *United States v. Andreadis*, 366 F.2d 423, 433 (2d Cir.1966), *cert. denied*, 385 U.S. 1001, 87 S.Ct. 703, 17 L.Ed.2d 541 (1967); *Myers v. United States*, 49 F.2d 230, 231 (4th Cir.), *cert. denied*, 283 U.S. 866, 51 S.Ct. 657, 75 L.Ed. 1470 (1931).

The *Howze* court, however, discusses the inquiry involved when a constitutional defect in the plea has been alleged, as in this case:

> When the defect reaches constitutional dimension, ... attacks on the guilty plea raised for the first time in a collateral proceeding must be considered. This is especially true in a case, such as this, when a defendant may have had no idea of the extreme nature of the collateral consequences of his plea. The guilty plea here virtually precludes any effective defense to . the gun possession charge under 18 U.S.C. § 922(h). For this reason, the court must be certain the plea was constitutionally firm.

Unlike Howze, this defendant did not take the stand in this Court to testify as to all of the circumstances surrounding his decision to plead guilty to the state gun charges (although he did take the stand to testify concerning the circumstances surrounding his arrest and the seizure of the gun.) He did assert that he had not been given the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). If true, this clearly violates his privilege against compulsory self-incrimination, *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), however, according to this record, no extrajudicial statements were made.

■ In his brief, the defendant further asserts and it is uncontroverted that he was never advised by anyone that his plea and statements or admissions in State Court would or could be used against him, in addition to his state court conviction and one year sentence, as the basis for indictment, prosecution and conviction in the Federal Court under 18 U.S.C. § 924, and for sentencing as an armed career criminal to a minimum of 15 years and a maximum of 30 years in the federal penitentiary. As a result, he did not know the nature of the charge against him or the consequences of his guilty plea and thus his guilty plea was not knowingly made.

The defendant unknowingly lost the right to confront witnesses at the second trial and, in effect, plead guilty to the federal crime. This is not an intentional relinquishment or abandonment of a known right or privilege. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). As further noted by the *Howze* court, quoting from *Boykin:*

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the states by reason of the Fourteenth.... Second, is the right to trial by jury.... Third, is the right to confront one's accusors....

395 U.S. at 243, 89 S.Ct. at 1712.

This Court notes that the guilty plea discussed here involved a crime other than those convictions alleged by the Government as the basis for this prosecution under 18 U.S.C. § 924. This Court can therefore see no legal prejudice to the Government by suppression of this statement during this trial.

Accordingly, the defendant's Motion to Suppress as to judicial admissions made by the defendant during his prior formal guilty plea in state court is GRANTED.

This matter shall proceed to trial as previously scheduled.

IT IS SO ORDERED.