**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Vincent HOWZE, Defendant-Appellant.**

**No. 81–1254.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 24, 1981.

Decided Jan. 8, 1982.

Thomas Schanzle-Haskins, Asst. U. S. Atty., Springfield, Ill., for defendant-appellant.

Vincent Howze, pro se.

Before SWYGERT, Senior Circuit Judge, SPRECHER and BAUER, Circuit Judges.

SWYGERT, Senior Circuit Judge.

In July of 1977, the defendant-appellant Vincent Howze was convicted of a felony (forgery of a United States treasury check). On July 30, 1980 Howze pled guilty in an

Illinois state court to a criminal misdemeanor charge of theft under $150.00, admitting the theft of a Colt revolver. No appeal was taken from that conviction. On October 20, 1980 an indictment was returned by a grand jury in the United States District Court for the Central District of Illinois charging Howze with the unlawful receipt of a firearm by a convicted felon in violation of 18 U.S.C. § 922(h). On November 8, 1980 Howze was arrested in Minnesota based on this indictment. At the time of his arrest, Howze indicated to the arresting officer that he was in Minnesota to avoid prosecution.

At trial, Howze moved to suppress the evidence of his state court conviction for the theft of the gun and his fleeing to Minnesota. These motions were denied and the evidence was presented to the jury. There was also eyewitness testimony introduced at trial to show possession of a gun by Howze. Howze was found guilty by a jury. The only issues on this appeal are whether the flight evidence and the guilty plea were properly admitted.

I

 Howze contends that his guilty plea in the prior state court proceeding was taken in violation of the United States Constitution and Rule 402 of the Illinois Supreme Court. The Government argues that Howze cannot attack his guilty plea on state criminal charges for the first time in a subsequent federal prosecution. If the guilty plea received by the state court involved only a technical violation of Illinois Supreme Court Rule 402, then the rationale of *United States v. Timmreck*, 441 U.S. 780,

99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), would control: a collateral attack on the conviction would not be allowed and the evidence would be admissible.

*Timmreck*, however, controls only where there is a "failure to comply with the *formal* requirements of [Rule 11]." 441 U.S. at 785, 99 S.Ct. at 2088 (emphasis added). (Rule 11, Fed.R.Crim.P., and Rule 402, Ill. Sup.Ct., are analogous.) *Timmreck* does not apply where the defect is "constitutional" or "jurisdictional." 441 U.S. at 783, 99 S.Ct. at 2087. When the defect reaches constitutional dimension, the *Timmreck* concern with finality is overborne and attacks on a guilty plea raised for the first time in a collateral proceeding must be considered. This is especially true in a case, such as this, when a defendant may have had no idea of the extreme nature of the collateral consequences of his plea.[1] The guilty plea here virtually precludes any effective defense to the gun possession charge under 18 U.S.C. § 922(h). For this reason, the court must be certain the plea was constitutionally firm.

 Howze alleges a defect of "constitutional" dimension. In his motion to suppress the evidence of the guilty plea, Howze took the stand and testified that he was not told he did not have to plead guilty. Tr., Vol. 1, at 32. If true, this clearly violates his "privilege against compulsory self-incrimination." *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[2] Later in the hearing, Howze's counsel stated that none of the requirements of Rule 402 were met. Tr., Vol. 1, at 36. This allegation also suggests a constitutional defect involving Howze's right to a jury trial

---

1. For other examples of the inherent collateral dangers of guilty pleas, *see* Note: *Collateral Consequences of Guilty Pleas in the Federal Criminal Justice System*, 16 Harv.Civ.Rights Civ.Liberties L.Rev., No. 1,157 (1981). The general rule is that defendants need not be informed of the collateral consequences of their guilty pleas. *See, e.g., Cuthrell v. Director, Patuxent Institute*, 475 F.2d 1364 (4th Cir.), *cert. denied*, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973). Given this rule, it would be unfair not to allow a collateral attack if the defect alleged is constitutional.

2. The significant language in *Boykin* reads:

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the states by reason of the Fourteenth.... Second, is the right to trial by jury.... Third, is the right to confront one's accusors.... *We cannot presume a waiver of these three important federal rights from a silent record.* *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712 (emphasis added).

and his right to confront the witnesses against him. Despite the fact that these important issues were raised in the federal district court, they were not decided by that court. Most of the discussion involving the motion to suppress concerned the fact that Howze was not represented by counsel in the state court proceeding. We can infer that the district court correctly concluded that the lack of counsel was not a constitutional defect which would rule out the admission of the guilty plea. *See Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). The district court, however, makes no mention of the other issues raised by Howze, namely, the failure to comply with any of the constitutional requirements embodied in Rule 402. This cause must be remanded to the United States District Court to rule on these allegations and determine whether there were any constitutional deficiencies in the acceptance of Howze's state court guilty plea. If there are, there should be a new trial. If there are not, the jury verdict will stand and Howze will have the right to appeal the determination of whether there were, in fact, constitutional defects in his guilty plea.

## II

■■■ In his motion to suppress evidence, Howze contended that testimony concerning his flight to Minnesota was not properly admissible. The court ruled against him. If Howze's guilty plea was properly accepted by the state court,[3] this evidence alone

would be enough to prove Howze's receipt of a gun and we would not have to determine the admissibility of the flight evidence (*i.e., even were the flight evidence not admissible, it would be harmless error*). Nevertheless, because there may be a new trial we find it necessary to clarify the law on this issue. In this circuit, the admissibility of flight evidence is determined by a four-part test articulated in *United States v. Myers*, 550 F.2d 1036 (5th Cir. 1977), and approved in *United States v. Jackson*, 572 F.2d 636, 639 (7th Cir. 1978).

> [T]he probative value of flight as circumstantial evidence of guilt depends on the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

*Id.* After noting that the probative value of flight evidence is somewhat dubious,[4] the *Jackson* Court provided that the admission of flight evidence should always be regarded with caution.[5] It is from this cautionary viewpoint that the evidence of Howze's flight to Minnesota should be examined.

The facts in this case show that Howze was not arrested in Minnesota until four and one-half months after the crime allegedly took place. There is no evidence as to when Howze left Illinois. Generally, the third and fourth inferences of the four-part

---

**3.** The general rule is that a guilty plea is admissible in a subsequent collateral criminal trial to prove an element of the crime charged. *Myers v. United States*, 49 F.2d 230, 231 (4th Cir. 1931); *United States v. Andreadis*, 366 F.2d 423, 433 (2d Cir. 1966). Nevertheless, there may be a problem with admitting guilty pleas in subsequent trials that was not discussed in *Myers* and *Andreadis*. At any criminal trial a defendant may validly waive the right to a jury trial, to not incriminate himself, and to confront witnesses. But a defendant has only waived these rights for the crime or crimes he actually pleads guilty to. If a defendant was not informed that the guilty plea could be subsequently used against him he may have lost the right to confront witnesses at the second trial and, arguably, this is not an "intentional relinquishment or abandonment of a known

right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). We are not suggesting that the guilty plea at the first trial was not voluntary and therefore invalid. We simply note, without expressing any opinion as to the outcome, that there may be a problem of constitutional dimension created by using a valid guilty plea at a collateral criminal proceeding to prove an element of the crime charged. We do not now decide this issue because it was not raised in the lower court.

**4.** *See Wong Sun v. United States*, 371 U.S. 471, 483 n.10, 83 S.Ct. 407, 415 n.10, 9 L.Ed.2d 441 (1963).

**5.** *United States v. Jackson*, 572 F.2d at 640.

*Myers* test are the most difficult to establish and courts have placed great reliance on the proximity in time of the flight to the crime charged in order to establish these inferences. Where this time lag is substantial, as in this case, "evidence of the defendant's knowledge that he is being sought for the crime becomes an increasingly important factor." [6] In other words, when there is no immediacy between the flight and the crime, the court must be certain there is evidence that a defendant knows he is being sought for the specific crime charged and not some other crime or event. *United States v. Jackson, supra. Accord United States v. Hernandez-Miranda*, 601 F.2d 1104, 1107 (9th Cir. 1979).

Because we are not convinced that the district court applied this standard when considering the motion to suppress the flight evidence, this issue is also remanded for further consideration consistent with this opinion.

The judgment of conviction is reversed and the case is remanded for further proceedings.