**UNITED STATES of America, Appellee,**

v.

**Claude Leander RILEY, Appellant.**

**No. 82–1092.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 20, 1982.
Decided July 14, 1982.

Richard H. Zimmerman, Mears, Zimmerman & Mears, Iowa City, Iowa, for appellant.

Robert L. Teig, Asst. U. S. Atty., N. D. Iowa, Cedar Rapids, Iowa, for appellee.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

BRIGHT, Circuit Judge.

Claude Leander Riley appeals from the judgment entered upon his convictions for violating the Mann Act, 18 U.S.C. § 2423 (Supp. IV 1980). Riley contends that the trial court[1] committed reversible error in several evidentiary matters. We affirm.

I. *Background.*

Claude Leander Riley left Minneapolis, Minnesota, on April 23, 1979, accompanied by his common-law wife, Velda Robinson, their infant son, and two sixteen-year-old women, Carol Richmond and LaDonna Stuhr. They arrived in Dubuque, Iowa, on April 24, 1979, and checked into a motel. That night and the following two nights the group traveled to East Dubuque, Illinois. The Government's evidence indicates that while in Illinois Velda Robinson and Carol Richmond engaged in acts of prostitution and turned the money over to Riley. As a result of these activities, the Government indicted Riley, charging him with three counts of violating the Mann Act, which prohibits the interstate transportation of a

---

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

minor for purposes of prostitution. 18 U.S.C. § 2423.[2]

At the first trial, the jury acquitted Riley on the first count for his activities on the first night in Dubuque and East Dubuque. The jury, however, convicted Riley on the second and third counts for his activities on the two subsequent nights. Riley appealed those convictions and this court reversed based on the improper use of an out-of-court statement of Velda Robinson. *United States v. Riley*, 657 F.2d 1377 (8th Cir. 1981).

On retrial the jury again convicted Riley on the second and third counts. Following denial of Riley's motion for a new trial and the entry of judgment against him, Riley filed this appeal. On appeal, Riley argues that the district court committed reversible error: (1) by admitting evidence of his guilty plea to a state pimping charge arising out of the same activities upon which the federal charges were based; (2) by admitting evidence of his activities prior to the trip to Iowa and on the first night in Dubuque for which he previously had been acquitted; (3) by permitting testimony on similar crimes he committed after the incidents at issue; (4) by admitting out-of-court statements made by Richmond as recorded recollections; and (5) by failing to declare a mistrial after Richmond referred to a request from the police that she take a polygraph test. We address these issues in turn.

## II. Evidence of Guilty Plea to State Pimping Charge.

Riley was first arrested by Illinois authorities in East Dubuque and charged with a felony under state law. He ultimately pleaded guilty to the misdemeanor offense of pimping,[3] and the State dismissed the felony charge. Subsequently, Riley was indicted by a federal grand jury for Mann Act violations.

Prior to his first trial in federal court, Riley made a motion *in limine* to exclude evidence of his guilty plea to the pimping charge. The district court sustained his motion and excluded any reference to that guilty plea on the ground that its prejudicial effect outweighed its probative value. At his second trial following this court's reversal of his convictions, the district court overruled Riley's motion *in limine* and admitted evidence of the state pimping charge. The Government did not actually elicit testimony that Riley had pleaded guilty to pimping, but simply laid the foundation for admission of evidence of Riley's guilty plea by eliciting testimony from a police officer that Illinois authorities had arrested Riley and charged him with pimping.[4]

Riley argues that the district court improperly admitted evidence of the misdemeanor pimping charge because such evidence had limited probative value and its admission was tantamount to directing a verdict against him on the Mann Act charges.

2. 18 U.S.C. § 2423(a) provides in part:
   (a) Any person who transports, finances in whoie or part the transportation of or otherwise causes or facilitates the movement of, any minor in interstate or foreign commerce, or within the District of Columbia or any territory or other possession of the United States, with the intent—
   (1) that such minor engage in prostitution * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

3. The Illinois statute proscribing pimping reads as follows:
   § 11–19. *Pimping.*
   (a) Any person who receives money or other property from a prostitute, not for a lawful consideration, knowing it was earned in whole or in part from the practice of prostitution, commits pimping.

(b) Sentence.
Pimping is a Class A misdemeanor.
[Ill.Ann.Stat. ch. 38, § 11–19 (Smith-Hurd 1979).]

4. The record indicates that counsel for Riley requested a ruling on the admissibility of evidence of the pimping charge prior to trial and immediately before the police officer testified about Riley's arrest. In addition, counsel objected to the officer's testimony regarding the nature of the Illinois charges. It was only after the officer testified that Riley had been arrested for and charged with pimping that counsel for Riley elicited testimony from the police officer that Riley had pleaded guilty to pimping. We decline the Government's invitation to construe the sequence of these events as a waiver of Riley's objection.

■ Although the district court ruled before trial that this evidence could be admitted as "other crimes" evidence under Fed.R. Evid. 404(b), in denying Riley's motion for a new trial, the court determined that Riley's guilty plea to the pimping charge qualified as an admission under Fed.R.Evid. 801(d)(2). We agree that Riley's guilty plea constituted an admission, *see Howell v. United States*, 442 F.2d 265, 273 (7th Cir. 1971), and as such was admissible in his federal prosecution. *United States v. Howze*, 668 F.2d 322, 324 n.3 (7th Cir. 1982); *United States v. Andreadis*, 366 F.2d 423, 433 (2d Cir. 1966), *cert. denied*, 385 U.S. 1001, 87 S.Ct. 703, 17 L.Ed.2d 541 (1967); *Myers v. United States*, 49 F.2d 230, 231 (4th Cir.), *cert. denied*, 283 U.S. 866, 51 S.Ct. 657, 75 L.Ed. 1470 (1931).

Riley relies on *United States v. Martinez*, 555 F.2d 1273 (5th Cir. 1977), to support his contention that the court should have excluded evidence of his guilty plea to the pimping charge. The court there held that the trial court improperly admitted for purposes of impeachment Martinez' conviction for aiding and abetting in his subsequent prosecution for conspiracy based upon the same transaction. According to the court in *Martinez*, informing the jury that another trier of fact had found the defendant criminally culpable for the same conduct bordered on directing a verdict against the accused. *Id.* at 1276.

■ The use of a prior conviction for impeachment purposes, however, differs materially from the use of an admission by the defendant. The prior conviction can be used only to attack the credibility of a defendant who chooses to testify; it may not be used to prove the charge for which the defendant is on trial. *See* Fed.R.Evid. 609. An admission, on the other hand, constitutes substantive evidence of guilt.

■ Riley does not assert any constitutional defect in the guilty plea proceedings. *See United States v. Howze, supra*, 668 F.2d at 324 n.3. Nor does he claim that he did not have an opportunity to explain the circumstances surrounding the entry of his guilty plea. In these circumstances, we cannot say that the district court abused its discretion in admitting evidence of Riley's guilty plea to the state pimping charge.[5]

### III. *Collateral Estoppel.*

■ Riley next contends that in the second trial the district court should not have permitted the Government to use evidence of activities prior to his trip to Iowa and during the night of April 24, 1979. Because the jury in the first trial acquitted Riley for his activities on April 24, 1979, Riley argues, the principle of collateral estoppel embodied in the fifth amendment double jeopardy clause precluded use of that evidence in his second trial on the remaining two counts. In essence, Riley is asking this court to hold that collateral

5. Riley also argues that the district court's decision at his first trial to exclude evidence of his guilty plea became the law of the case, precluding admission of this evidence at his second trial. This argument lacks merit. The trial court is not bound by a discretionary evidentiary ruling made in a previous trial of the case, which has not been disposed of on appeal. *See Houghton v. McDonnell Douglas Corp.*, 627 F.2d 858, 865 (8th Cir. 1980).

In addition, Riley contends that the district court's reversal of its prior ruling to permit the introduction of evidence of Riley's guilty plea in his second trial violated his right to due process. Riley asserts that such a change in an evidentiary ruling following a successful appeal constitutes judicial vindictiveness in violation of the teachings of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

In *Pearce*, the Court held that due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id.* 395 U.S. at 725, 89 S.Ct. at 2080. To provide this protection, the Court held that a trial judge who imposes a more severe sentence after a new trial must articulate the reasons for so doing and those reasons must be based upon conduct of the defendant that occurred after the original sentencing. From this, Riley urges this court to require the district court to provide a reasoned articulation for changing its ruling in his second trial. While such an indication on the record would be helpful to a reviewing court, it is certainly not necessary, where, as here, Riley's guilty plea was clearly admissible as an admission of a party.

estoppel bars not only the relitigation of ultimate facts, but evidentiary facts as well. *See United States v. Keller,* 624 F.2d 1154, 1157 (3d Cir. 1980).

The circuits have apparently divided over whether the doctrine of collateral estoppel bars the use of evidence, which resulted in acquittal, in a subsequent prosecution by the same sovereign. *Compare Oliphant v. Koehler,* 594 F.2d 547, 555 (6th Cir.) (allowing use of evidence), *cert. denied,* 444 U.S. 877, 100 S.Ct. 162, 62 L.Ed.2d 105 (1979) *and United States v. Castro-Castro,* 464 F.2d 336, 337 (9th Cir. 1972) (same), *cert. denied,* 410 U.S. 916, 93 S.Ct. 973, 35 L.Ed.2d 279 (1973) *with United States v. Mespoulede,* 597 F.2d 329, 334–36 (2d Cir. 1979) (barring use of evidence) *and Wingate v. Wainwright,* 464 F.2d 209, 212–14 (5th Cir. 1972) (same). This circuit, however, has declined to extend the doctrine of collateral estoppel to bar the use of such evidence. *See King v. Brewer,* 577 F.2d 435, 440–41 (8th Cir. 1978), *cert. denied,* 440 U.S. 918, 99 S.Ct. 1238, 59 L.Ed.2d 468 (1979); *United States v. Kills Plenty,* 466 F.2d 240, 243 (8th Cir. 1972), *cert. denied,* 410 U.S. 916, 93 S.Ct. 971, 35 L.Ed.2d 278 (1973). Accordingly, we reject Riley's contention that the principle of collateral estoppel embodied in the double jeopardy clause barred the use of evidence of his activities prior to the trip to Iowa and on the evening of April 24, 1979.[6]

In connection with his argument on collateral estoppel, Riley argues that the district court should have instructed the jury that he had been acquitted previously for his activities on April 24, 1979. Evidence of his prior acquittal, however, bore little relevance to his activities on the two subsequent evenings. *See United States v. Kerley,* 643 F.2d 299, 300–01 (5th Cir. 1981). Accordingly, the court did not err in refusing to inform the jury of his acquittal.

6. The primary dispute at both trials focused on whether Riley bore the requisite intent to transport Carol Richmond across state lines for the purpose of prostitution. In acquitting Riley on count 1 in the first trial for his activities on April 24, 1979, the jury may well have determined that Riley's dominant purpose in traveling to East Dubuque, Illinois, was, as he testi-

IV. *Remaining Assertions of Error.*

Riley's remaining assertions of error were resolved adversely to him on his prior appeal to this court. *See United States v. Riley, supra,* 657 F.2d at 1385–86, 1387, 1390. He does not assert that the circumstances surrounding the district court's rulings on these issues at his second trial differed substantially from his first trial. Accordingly, we will not alter our prior determination on those issues.

V. *Conclusion.*

We reject Riley's assertions that the district court's evidentiary rulings constituted reversible error, and, accordingly, affirm his convictions.

fied, to find a dancing job for his common-law wife, Velda Robinson. Such a finding, however, would not be determinative of his intent on the two subsequent nights, nor would it foreclose consideration of his activities prior to the trip to Iowa. *See King v. Brewer, supra,* 577 F.2d at 441.