**UNITED STATES**

**v.**

**Kissone FREDERICK, Defendant.**

**No. 09–cr–258 (KAM).**

United States District Court,
E.D. New York.

Nov. 17, 2009.

Carter H. Burwell, United States Attorneys Office, Brooklyn, NY, for United States.

## MEMORANDUM & ORDER

MATSUMOTO, District Judge:

In April 2009, Defendant Kissone Frederick ("defendant" or "Frederick") was charged in a six-count indictment with conspiracy to commit Hobbs Act armed robbery, attempted armed robbery, armed robbery, and related weapons charges. (*See* Dkt. No. 1, Indictment ("Indictment" or "Ind't").) Now before the court is the government's *in limine* motion to: (1) introduce at trial evidence of Frederick's prior guilty plea to one of the charged offenses as a party-admission pursuant to Federal Rule of Evidence 801(d)(2)(A); (2) introduce at trial evidence of certain bad acts by Frederick pursuant to Federal Rule of Evidence 404(b) ("404(b) Evidence"); and (3) to permit the government to cross-examine Frederick, should he testify, regarding various bad acts and criminal convictions pursuant to Federal Rules of Evidence 608(b) and 609(a). (*See* Dkt. No. 10, Ltr. from Carter Burwell dated Oct. 20, 2009 ("Gov. Mem.") at 1.) Frederick opposes the government's motion in its entirety, urging the court to (1) deny the government's motion to introduce evidence

of Frederick's state court guilty plea on the grounds that it is unfairly prejudicial, (2) deny the government's application to introduce evidence of Frederick's prior bad acts because knowledge and intent are assertedly not at issue, and (3) reserve judgment on the permissible scope of cross-examination and " 'cross that bridge' if we ever get there." (*See* Dkt. Nos. 12, Ltr. from Ephraim Savitt on behalf of Frederick dated 10/22/09 ("Def. Mem."), and 13, Ltr. from Savitt dated 10/23/09 ("Def. Supp. Mem.").) In its reply memorandum, the government concedes that the 404(b) Evidence would be unnecessary if knowledge and intent are not contested at trial and accordingly asks the court to reserve judgment on this issue. (*See* Dkt. No. 15, Ltr. from Carter Burwell dated 11/3/09 ("Gov. Reply") at 3.)

For the reasons that follow, the government's motion to introduce evidence of Frederick's sworn statements in state court during his guilty plea to the lesser included offense of attempted robbery of Card Corner on May 14, 2006, is granted. However, the admission will be subject to a proper limiting instruction and the condition that the government refrain from referencing the fact that the statements were made in the context of a guilty plea. The motion to introduce evidence of Frederick's other alleged bad acts is denied without prejudice and with leave to renew should Frederick's knowledge and intent become contested issues at trial. Finally, the court declines to determine the permissible scope of the government's cross-examination of Mr. Frederick until it becomes clear that Frederick will indeed take the stand. Accordingly, the government's motion to cross-examine Frederick regarding various bad acts and criminal convictions is denied without prejudice and with leave to renew.

## BACKGROUND

According to the Indictment and the government's submissions, the instant charges stem from events which occurred in Brooklyn on May 14, 2006. (*See generally* Ind't; *see also* Gov. Mem. at 2.) According to the Indictment, Frederick conspired with others to commit robberies in violation of the Hobbs Act.[1] (*See* Ind't Count One.) As part of this conspiracy, Frederick and his co-conspirators are charged with using a firearm in an attempt to rob a cellular phone and check-cashing store known as Satellite Communications. (*See* Ind't Counts Two (Hobbs Act Robbery) and Three (Unlawful Use of a Firearm); *see also* Gov. Mem. at 2.) Frederick and his co-conspirators are charged with then successfully using a firearm to rob a greeting card and gift store known as Card Corner. (*See* Ind't Counts Four (Hobbs Act Robbery) and Five (Unlawful Use of Firearm); *see also* Gov. Mem. at 2.) Finally, according to Count Six of the Indictment, by allegedly using a firearm in connection with the robbery and attempted robbery, Frederick committed an additional offense because he had previously been convicted of a felony. (*See* Ind't Count Six (Felon in Possession of a Firearm).)

Following his arrest, Frederick was charged in New York State Court with various crimes related only to the armed robbery of Card Corner. (*See* Gov. Mem. at 3.) On October 3, 2007, Frederick plead-

---

**1.** The Hobbs Act, 18 U.S.C. § 1951 ("Act"), prohibits actual or attempted robbery or extortion affecting interstate or foreign commerce. United States Attorney Manual ("USAM") § 9–131.00. Specifically, the Act provides in relevant part: "Whoever in any way or degree obstructs, delays, or affects commerce ... by robbery or extortion or attempts or conspires so to do, ... shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951.

ed guilty in State Court to a lesser included offense of attempted robbery in the second degree in full satisfaction of the various state court Card Corner robbery charges as well as unrelated drug charges which are not at issue here. (*See id.*; *see also* Def. Mem. at 1.) Frederick received a 52–60 month prison sentence and to date he has served approximately three and one half years of that term. (Def. Mem. at 2.)

Despite Frederick's prosecution and sentence in the State Court, the government sought and received authorization from the Department of Justice under the *Petite* Policy[2] to commence a successive prosecution against Frederick in federal court in order to vindicate a "substantial federal interest." (*See* Gov. Mem. at 3.) Frederick was subsequently indicted in this action on April 24, 2009, and the instant motions ensued.

## DISCUSSION

### I. Motions *In Limine*

■ The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States,* 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); *see also Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir.1996); *Nat'l. Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F.Supp. 276, 283 (S.D.N.Y.1996). Evidence should be excluded on a motion *in limine* only when

2. *See* USAM § 9–2.031 Dual and Successive Prosecution Policy (*"Petite* Policy") ("This policy precludes the initiation or continuation of a federal prosecution, following a prior state or federal prosecution based on substantially the same act(s) or transaction(s) unless three substantive prerequisites are satisfied: first, the matter must involve a substantial federal interest; second, the prior prosecution must have left that interest demonstrably unvindicated; and third, applying the same test that is applicable to all federal prosecutions,

the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.,* No. 94–cv–5220, 1998 WL 665138, at *3, 1998 U.S. Dist. LEXIS 15093, at *11 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve judgment until trial so that the motion is placed in the appropriate factual context. *See Nat'l. Union Fire Ins. Co.,* 937 F.Supp. at 287. Alternatively, a district judge is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce,* 469 U.S. at 41–42, 105 S.Ct. 460.

### II. Admissibility of Frederick's State Court Guilty Plea

■ The government seeks permission to introduce evidence of Frederick's prior state court guilty plea as a party admission pursuant to Federal Rule of Evidence 801(d)(2)(A).[3] The government argues that Frederick's plea allocation in state court, where he pleaded guilty to second degree attempted robbery of Card Corner, is admissible evidence in support of Counts One and Four of the Indictment which charge Frederick with conspiring to commit Hobbs Act robbery and committing a Hobbs Act robbery on Card Corner. (Gov. Mem. at 6–7.)

the government must believe that the defendant's conduct constitutes a federal offense, and that the admissible evidence probably will be sufficient to obtain and sustain a conviction by an unbiased trier of fact.").

3. Federal Rule of Evidence 801(d)(2) provides, in pertinent part, that "[a] statement is not hearsay if ... [t]he statement is offered against a party and is (A) the party's own statement."

Frederick does not dispute that the guilty plea allocution is both relevant, and an admission by a party opponent, and therefore he acknowledges that the guilty plea is admissible under the Federal Rules of Evidence as non-hearsay. (Def. Mem. at 2.) However, Frederick urges the court to deny admissibility of the plea allocution pursuant to Federal Rule of Evidence 403,[4] on the grounds that introduction of the plea allocution would result in "unfair prejudice, confusion of the issues, or needless presentation of cumulative evidence." (*Id.*)

Frederick first contends that the risk of unfair prejudice and juror confusion is particularly acute here, where the government's *Petite* Policy has resulted in a successive prosecution against Frederick for the same act or occurrence to which the defendant already pleaded guilty in state court. (*Id.*) Thus, Frederick contends that introduction of the state court guilty plea for the attempted robbery of Card Corner will yield a virtually "automatic" conviction on Count Four, which charges Frederick with a Hobbs Act robbery of Card Corner. (*Id.*) According to Frederick, this will in turn trigger a "domino effect" leading "inexorably to Frederick's conviction" on all other charges. (*Id.* at 3.) Specifically,

Frederick asserts that the "automatic" conviction on Count Four will lead jurors to convict Frederick on the related weapons charge in Count Five and the conspiracy charged in Count One. (*Id.*) Then, Frederick contends, convictions will also follow for the crimes charged in Counts Two and Three because those charges are closely linked both geographically and temporally to Count Four. (*Id.*) Finally, Frederick asserts that the Count Four conviction will also "seal" his conviction as a felon in possession on Count Six. (*Id.*)

Despite Frederick's forceful arguments, he fails to cite a single Second Circuit case upholding the exclusion of a defendant's prior guilty plea to a similar or lesser included charge on the grounds of unfair prejudice.[5] *Cf. United States v. Andreadis,* 366 F.2d 423, 433 (2d Cir.1966) (rejecting contention that introduction of state court guilty plea for related charge was prejudicial and holding that evidence of the guilty plea was properly admitted). Nor is this court aware of such a case. Indeed, as the government correctly points out, introduction of Frederick's prior plea allocution cannot be deemed "unfair" where the plea allocution was voluntarily and validly made. *See United States v.*

---

**4.** Federal Rule of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

**5.** Frederick points to a recent Second Circuit decision in *United States v. McCallum* as support for his argument. *See* Def. Supp. Mem. at 2. Certainly, as *McCallum* requires, this court is mindful of the special care courts must take when allowing introduction of prior guilty pleas. *See United States v. McCallum,* 584 F.3d 471, 476 (2d Cir.2009) (noting, in the context of potential 404(b) evidence, the high risk of prejudice created by prior

convictions which "bear the imprimatur of the judicial system and indicia of official reliability" and therefore noting the need for "particularly searching, conscientious scrutiny" by courts prior to admission of such evidence). However, *McCallum* is inapposite here. Unlike *McCallum*, which concerned the introduction of prior convictions as circumstantial evidence under Federal Rule of Evidence 404(b) (*see generally id.*), the government's motion here concerns introduction of a prior guilty plea allocution as a party admission which would constitute direct, substantive evidence of the charged conduct under Federal Rule of Evidence 801(d)(2)(A). *See, e.g. United States v. Riley,* 684 F.2d 542, 545 (8th Cir.1982) (noting that "[a]n admission . . . constitutes substantive evidence of guilt").

*Dabney,* 498 F.3d 455, 458 (7th Cir.2007) ("The [defendant's state-court admission to possessing the gun] was certainly compelling evidence of [defendant's] guilt [on the federal charge], but there was nothing unfairly prejudicial about it.").

The Supreme Court has defined "unfair prejudice" as "an undue tendency to suggest decision on an improper basis." *Old Chief v. United States,* 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). The Second Circuit has further articulated prejudicial evidence as "tend[ing] to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence," such as by tending "to prove some adverse fact not properly in issue or unfairly ... excit[ing] emotions against the defendant." *United States v. Figueroa,* 618 F.2d 934, 943 (2d Cir.1980). Here, Frederick's state-court guilty plea would not lead to conviction on an improper basis, tend to prove some fact not properly in issue, or excite an emotional conclusion from jurors. Instead, the guilty plea allocution might logically contribute to the jury's potential conclusion that Frederick committed the crime charged in Counts One and Four.

Moreover, to the extent that other Circuits have more recently and directly addressed this issue, they have uniformly found that evidence of a defendant's valid prior state-court guilty plea for similar or lesser included conduct is properly admissible in a subsequent federal prosecution, even where admission of the plea could be considered virtually "tantamount to directing a verdict." *Riley,* 684 F.2d at 544–45 (finding defendant's state court guilty plea to pimping charge constituted a party admission that was admissible under Fed. R.Evid. 801(d)(2) in the subsequent federal prosecution for Mann Act violations); *see also Dabney,* 498 F.3d at 458 (rejecting defendant's contention that admission of

his state court guilty plea for possession of a gun in subsequent federal prosecution on charge of being a felon in possession constituted unfair prejudice); *United States v. Odom,* No. 93–2526, 1994 WL 669675, *1, *4–5, 1994 U.S.App. LEXIS 34072, *1–2, *16–17 (6th Cir. Nov. 29, 1994) ("Because [defendant's] guilty plea [to charge of carrying a concealed weapon] was validly obtained in state court, evidence of the plea and admissions he made during that proceeding are properly admissible in federal court" proceeding for related charge of being a felon in possession.); *United States v. Maestas,* 941 F.2d 273, 275 (5th Cir.1991) (absent any constitutional infirmity, introduction of evidence that defendant pled guilty in state court to a misdemeanor for carrying the same firearm that was the subject of the federal trial "was proper as a party admission"); *United States v. Bouthot,* 878 F.2d 1506, 1510–13 (1st Cir.1989) (vacating district court's order suppressing "for all purposes" in subsequent federal prosecution "the statements made in the plea colloquy on the [prior] state charges").

■ Thus where, as here, there is no allegation of any constitutional defect with the state court plea, there are no grounds for excluding a prior state court plea under Rule 403. *See, e.g. United States v. Ant,* 882 F.2d 1389, 1392–93 (9th Cir.1989) (noting that "[a]n earlier guilty plea has been held to be admissible in a subsequent federal prosecution ... if the earlier guilty plea was made under conditions consistent with the United States Constitution"); *see also United States v. Howze,* 668 F.2d 322, 323–24 (7th Cir.1982) (remanding case to district court for determination of whether any constitutional deficiencies exist with respect to guilty plea in case where state court guilty plea "virtually precludes any effective defense" to the federal charges). Further, Frederick fails to explain why a

proper limiting instruction cannot mitigate any concerns regarding improper spillover to the jury's consideration of other charges. *See, e.g. United States v. Royer,* 549 F.3d 886, 901–02 (2d Cir.2008) (discussing the use of limiting instructions to address potential issues under Rule 403).

Finally, Frederick contends that the government, by its own account, possesses "overwhelming" evidence against him, thereby rendering the introduction of the guilty plea allocution needlessly cumulative and heightening the risk of prejudice and juror confusion. (Def. Mem. at 2–3.) Yet despite the availability of several witnesses who link Frederick to the charged conduct,[6] the government asserts that in the absence of any post-arrest statements by Frederick, introduction of the plea allocution would not be cumulative as it forms "the only evidence that [Frederick] himself acknowledged his participation in one of the charged crimes." (Gov. Reply Mem. at 2.) The court agrees that in that context the plea allocution cannot be considered needlessly cumulative.

Given the undisputed relevance and admissibility of a plea allocution as a party admission, and the weight of authority in favor of admitting the plea allocution under Federal Rule of Evidence 403, the court concludes that it would not be "unfair" for the jury to consider Frederick's voluntary admission made in open court under advice of counsel during the state court proceeding. Frederick's statements during the state court plea allocution constitute substantive evidence of his guilt which is probative and not unfairly prejudicial, and is therefore admissible, subject to a proper limiting instruction, under the balancing test demanded by Federal Rule of Evidence 403.

Even so, despite the lack of "unfair" prejudice or cumulative evidence resulting from introduction of the plea allocution, this court is conscious of the unique potential for juror confusion in this case due to the successive state and federal prosecutions against Frederick. *See Dabney,* 498 F.3d at 458 (noting district court's concern for the "possibility of confusion regarding the separate state and federal judicial proceedings").

In light of this concern, and as an additional precaution designed to eliminate possible juror confusion and obviate any potential for unfair prejudice, the court grants the government's motion to introduce Frederick's plea allocution along with the facts that the admission was made under oath, while represented by counsel, as direct evidence of the crimes charged in Counts One and Four. However, in doing so, the government may not refer to the fact that the admissions occurred during a guilty plea in state court. *See Dabney,* 498 F.3d at 458 (upholding district court's decision to "diminish[ ] any possibility of confusion regarding the separate state and federal judicial proceedings by taking the unnecessary precaution of excluding any reference to the fact that [defendant's] statements were made during a guilty plea hearing"). The parties shall submit a stipulated limiting instruction no later than November 25, 2009.

### III. Admissibility of Frederick's Other Prior Bad Acts

Pursuant to Federal Rule of Evidence 404(b), the government initially sought to offer evidence of certain bad acts committed by Frederick for the purpose of proving Frederick's knowledge and intent.

---

**6.** The government has indicated that it intends to introduce testimony by a variety of witnesses including a co-conspirator, the vic-

tims of the robberies, and the officers who arrested Frederick on the day of the robberies. (Gov. Mem. at 7.)

(Gov. Mem. at 7–8.) Frederick asserts that because knowledge and intent will not be seriously contested at trial, the introduction of such evidence will amount to no more than the forbidden propensity evidence warned of in *McCallum* (*see* Def. Mem. at 4, Def. Supp. Mem.). In light of Frederick's representations that the defense will not "open the door to a claimed lack of knowledge or intent in its opening statement or in presenting evidence at trial," (Def. Mem. at 4), the government concedes that the introduction of the 404(b) evidence will be unnecessary and accordingly requests that the court reserve judgment on this issue pending confirmation that these issues are not disputed by the defense at trial. (Gov. Reply Mem. at 1).

 Federal Rule of Evidence 404(b) provides, in relevant part:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

The Supreme Court has set forth four requirements for courts to follow in exercising their discretion under Rule 404(b): "Prior bad-acts evidence must be (1) offered for a proper purpose, (2) relevant, and (3) substantially more probative than prejudicial. In addition, (4) at defendant's request, the district court should give the jury an appropriate limiting instruction." *United States v. Downing*, 297 F.3d 52, 58 (2d Cir.2002) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)). Courts of the Second Circuit have adopted an "inclusionary approach" under Rule 404(b), admitting evidence of other crimes, wrongs or acts "unless it is introduced for the sole purpose of showing defendant's bad char-

acter . . . or unless it is overly prejudicial under Fed.R.Evid. 403 or not relevant under Fed.R.Evid.. 402." *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir.1996) (internal citation omitted). Additionally, the district court has broad discretion to admit evidence pursuant to Rule 404(b), and its ruling will not be overturned on appeal absent abuse of discretion. *See United States v. Carboni*, 204 F.3d 39, 44 (2d Cir.2000).

 The Second Circuit has instructed that the third *Huddleston* prong demands a "particularly searching, conscientious scrutiny" in the context of prior crimes evidence because such evidence poses a particularly severe risk of unfair prejudice. *See McCallum*, 584 F.3d at 476. Indeed, when conducting this evaluation, the district court must remain attentive to the potential for "undermin[ing] the fairness of the trial" with "classic, and powerful, evidence of propensity." *Id.* at 477. Thus, even where a defendant has not conceded the issues of knowledge or intent, where abundant other evidence of guilt exists, a district court may not casually admit evidence for the "ostensible" purpose of proving knowledge and intent without confirming that those issues are seriously in dispute. *Id.*

Here, because both parties agree that the introduction of the extrinsic evidence requested by the government is unnecessary unless the defense "opens the door" to put knowledge and intent at issue, the court declines at this time to engage in the conscientious assessment required by Rule 403. Therefore, the government's 404(b) motion is denied without prejudice, with leave to renew if Frederick's knowledge and intent are in issue at trial.

## IV. Proper Scope of Cross–Examination

In its initial motion, the government requested permission to "cross-examine the

defendant, should he testify, regarding various bad acts and criminal convictions pursuant to Federal Rules of Evidence 608(b) and 609(a)." (Gov. Mem. at 1.) In his opposition, Frederick advised the court to consider "cross[ing] that bridge" if and when cross-examination "ever" became an issue, in effect strongly suggesting that Frederick did not intend to testify. (Def. Mem. at 5.) The government's reply submission does not appear to disagree that reservation of a ruling on this issue is appropriate. (*See* Gov. Reply Mem. at 1, fn. 1.)

Given the representations of the defense and the consequent uncertainty that the government will even have an opportunity to cross-examine the defendant, the motion to cross-examine based on prior bad acts is denied without prejudice and with the understanding that the government may renew its motion if it becomes apparent that Frederick will take the stand at trial.

### CONCLUSION

For the reasons set forth above: (1) The court grants the Government's application to introduce evidence of Frederick's sworn statements during the state court plea hearing on October 3, 2007. However, such evidence shall not include any reference to the fact that Frederick's statements were made during a state court guilty plea. Further, the statement will be subject to a stipulated limiting instruction that the statements may be considered only as direct evidence of the crimes charged in Counts One and Four. (2) The court denies without prejudice the government's application to introduce 404(b) evidence of Frederick's other prior bad acts. The government may renew its application for introduction of the 404(b) evidence should the defense place Frederick's knowledge and intent at issue. (3) The court denies without prejudice the govern-

ment's motion to cross-examine Frederick on evidence of his prior bad acts. The government may renew its motion if it becomes clear that Frederick will take the stand at trial.

**SO ORDERED.**